**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

| | |
|---|---|
| Shaul Levy and Meir Levy, | Respondents, |
| v. | |
| Arkaduisz Grabara, Bhupendra Patel, and Harry Pavilack, | Defendants, |
| Of whom Bhupendra Patel is the | Appellant. |

_____

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

_____

Unpublished Opinion No. 2012-UP-430
Submitted June 1, 2012 – Filed July 18, 2012

_____

**AFFIRMED**
_____

William W. DesChamps, Jr., of DesChamps Law Firm, of Myrtle Beach, for Appellant.

Henrietta U. Golding and Dan V. Butler, of McNair Law Firm, both of Myrtle Beach, for Respondents.

**PER CURIAM:** Bhupendra Patel appeals the trial court's order denying his request for relief from judgment under Rule 60(b), SCRCP, arguing the trial court erred in finding (1) the statutory requirements for the judgment by confession pursuant to section 15-35-360 of the South Carolina Code (2005) were met and (2) Patel was not entitled to relief for Harry Pavilack's failure to uphold his fiduciary

duty and attorney-client relationship with Patel by not informing Patel of the contents of the document Patel signed. We affirm.[1]

We find the statutory requirements for the judgment by confession were met. Section 15-35-360 of the South Carolina Code (2005) establishes the requirements for a judgment by confession and provides that "[b]efore a judgment by confession shall be entered a statement in writing must be made and signed by the defendant and *verified by his oath* . . . " (emphasis added). The written judgment by confession contains Patel's signature, which he does not dispute. Additionally, the judgment by confession contains a verification of statement at the end of the document providing that Patel was duly sworn and affirming that the judgment by confession was true. Furthermore, the verification statement was notarized by Cheryl Thorn after she witnessed Patel signing the document. Thus, we find Patel's judgment by confession was verified by his oath. Accordingly, the statutory requirements were met.

Patel also argues the trial court erred in finding Patel was not entitled to relief for Pavilack's failure to uphold his fiduciary duty and attorney-client relationship with Patel. We find the trial court did not err in finding that Patel was not entitled to relief on these grounds. *See Motley v. Williams*, 374 S.C. 107, 112, 647 S.E.2d 244, 247 (Ct. App. 2007) ("Any communication failure or mistake on the part of an attorney is directly attributable to his client."); *id.* (noting a party cannot set aside a settlement agreement signed pursuant to attorney's erroneous legal advice).

Moreover, Patel contends that he should be entitled to relief because he believed he was a signing a document releasing him from future liability. We find this argument without merit. Patel cannot be relieved from liability for the failure to read the judgment by confession. *See Regions Bank v. Schmauch*, 354 S.C. 648, 663, 582 S.E.2d 432, 440 (Ct. App. 2003) ("A person who signs a contract or other written document cannot avoid the effect of the document by claiming he did not read it. A person signing a document is responsible for reading the document and making sure of its contents." (citations omitted)). Moreover, the document is clearly titled "judgment by confession" and the verification of statement also identifies the document as a "judgment by confession."

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.